MILBURN v. MILBURN.

1. **Will:** REVOCATION BY BIRTH OF ILLEGITIMATE CHILD. Under the statutes of this State, an illegitimate child, which has been notoriously recognized by its father, inherits from the father share and share alike with his legitimate children; and the birth and recognition of an illegitimate child, after the execution of a will by the father, has the effect to revoke the will, the same as the birth of a legitimate child.

*Appeal from Linn Circuit Court.*

FRIDAY, DECEMBER 8.

THE defendant and proponent filed in the probate court a paper purporting to be the will of her deceased husband, Hosea Milburn, and asked that the same might be admitted to probate.

The plaintiff and contestant filed and pleaded certain mat-

ters which she claimed amounted to a revocation of the will, and objected to its probate. To the matter pleaded by the plaintiff, the defendant demurred, and the demurrer was sustained. The plaintiff appeals.

*J. B. Young*, for appellant.

*Blake & Hormel*, for appellee.

Seevers, Ch. J.—The plaintiff pleaded the will should not be admitted to probate because: "Since the making of said pretended last will and testament, to-wit, on or about the — day of September, A. D. 1874, at the residence of the said Hosea Milburn, in said county of Linn, this contestant was born; that she is the daughter of the said Hosea Milburn by Mary E. Baird (now Mary E. Brown), and was recognized by the said Hosea Milburn as his child, and such recognition was general and notorious."

This defense was overruled, and the only question to be determined is whether the court erred in so doing.

It must be regarded as the settled rule in this State that the birth of a legitimate child to the testator, subsequent to the making of a will and before the testator's death, will alone operate as an implied revocation of the will. *McCullom v. McKenzie*, 26 Iowa, 510; *Negus v. Negus*, 46 Id., 487; *Fallon v. Chidester*, Id., 588.

It is provided by statute: "Illegitimate children inherit from their mother, and the mother from the children. They shall inherit from their father, whenever the paternity is proved during the life of the father, or they have been recognized by him as his children, but such recognition must have been general and notorious, or else in writing." If the recognition is mutual, a father may inherit from his illegitimate child. Code, §§ 2465, 2466, 2467.

Counsel agree that at common law an illegitimate child could not inherit from either parent. This being so, it is evident that the common law rule has been radically changed by statute; for, under the statute such a child may inherit from

its mother as if it was legitimate. If there are both legitimate and illegitimate children, they inherit from their mother share and share alike, and if an illegitimate child has been recognized by its father, it will inherit from him share and share alike with the legitimate children. For the purpose of inheritance, an illegitimate child, when recognized by its father, stands on precisely the same footing as if it were legitimate. If the father dies intestate, both inherit, and such right can only be cut off by a will of the father which is equally effectual as to both classes of children. The birth of a legitimate child entitles it to inherit, but this is not so as to an illegitimate child. For mere birth does not entitle the latter to inherit, but the notorious recognition does. Such recognition legitimatizes the child. In the case at bar the testator, after making the will, recognized the plaintiff as his child. This being so, the statute provides that the right to inherit shall from that time exist. It follows that the plaintiff could only be deprived of such right in the same manner as a legitimate child, and that is by a will executed subsequently to the birth of the child. The statute does not provide that the birth of a child subsequently to the execution of a will has the effect to revoke it. In this respect the statute makes no difference between different classes of children.

In *Kent v. Barker*, 2 Gray, 535, the question was whether the term "children" in a statute of Massachusetts included illegitimate children, and it was held it did not. This case has but little if any bearing on the question before us. Beside this, we have construed the word children as used in section 2437 of the Revision (Code, Sec. 2454), so as to include an illegitimate child. *McGuire v. Brown*, 41 Iowa, 650. It seems to us the statute under consideration leaves no room for construction, and as the rule is that the birth of a legitimate child, after the execution of a will by its father, has the effect to revoke a will, that, under the statute, the same result must follow the birth and recognition of an illegitimate child.

REVERSED.