ANGA BOYDELL KNOX LEPPER, Appellant, v. LIZZIE B. KNOX, Executrix, et al., Appellees.

WILLS: Restrictions—Illegitimate Child. An illegitimate child may be disinherited by will equally with a legitimate child, notwithstanding Section 3385, Code, 1897, providing that an illegitimate child "shall," under named conditions, inherit from the father.

*Appeal from Cherokee District Court.*—W. D. BOIES, Judge.

MONDAY, FEBRUARY 19, 1917.

ACTION of partition brought by the plaintiff, an illegitimate child, claiming to have inherited a child's interest from her putative father, who died testate. There was a demurrer to her petition, which was sustained, and she appeals.—*Affirmed.*

*Claud M. Smith,* for appellant.

*Herrick & Herrick,* for appellees.

EVANS, J.—The defendants in this case
WILLS: restrictions: illegitimate child. are the widow and children of A. B. Knox, deceased, who died testate, leaving such widow and children as the sole beneficiaries of his estate. The petition of plaintiff avers that she is a child of said testator, begotten out of wedlock, but publicly and notoriously recognized as such by her putative father during his life-

time. Her petition also shows that the testator disposed of all his property by will, and that the defendants are the beneficiaries under such will. Her contention here is that there was no power in the testator to so dispose of his estate by will as to cut off her statutory right of inheritance as provided by Section 3385 of the Code. Our statutory provisions (Code, 1897) pertaining to the right of inheritance by illegitimate children are as follows:

"Section 3384. Illegitimate children inherit from their mother, and she from them.

"Section 3385. They shall inherit from the father when the paternity is proven during his life, or they have been recognized by him as his children; but such recognition must have been general and notorious, or else in writing. Under such circumstances, if the recognition has been mutual, the father may inherit from his illegitimate children."

The appellant concentrates the emphasis of Section 3385 upon its second word—"shall." The argument is that the right of inheritance is thus made mandatory and unavoidable. Counsel concedes, in effect, that the proposition is somewhat startling, and that it runs counter to the previous thought of bench and bar. Code Section 3270 confers upon every person of full age and sound mind the right to dispose by will of all of his property, "subject to the rights of homestead and exemption created by law, and the distributive share in his estate given by law to the surviving spouse." This statute of itself contradicts the appellant's proposition. In avoidance of this statute, however, it is argued that the right conferred upon an illegitimate by Section 3385 is an "exemption created by law," as provided in Section 3270. This argument is too strained to merit discussion.

It is further argued that Section 3385 is a punitive statute, and must, for that reason, be deemed mandatory; otherwise it would lose its wholly punitive character. That

is to say, the statute is intended to penalize the putative father by depriving him of the right of testamentary disposition of his estate, to the extent of the share of the illegitimate. When it is considered that the statute has application only·to the estate of the father who has publicly recognized his child, and that it has no application to the estate of the father who has not given such recognition, the adoption of the appellant's argument would penalize such recognition of a child by its putative father and award immunity to the refusal of such recognition. The precise question raised herein has never been directly presented to us before, nor does it appear ever to have been presented to any other appellate court.· We are very clear in our minds that the purpose of the statute was to put the illegitimate child, when recognized by its father, on equality as to right of inheritance with legitimate children. The right of a parent to disinherit a legitimate child is unquestioned. The right of an illegitimate child is not greater than that of the legitimate.

In *Milburn v. Milburn*, 60 Iowa 411, the question involved was whether the birth of an illegitimate child publicly recognized had the effect to avoid a previous will of the putative father. It was held therein that it did have such effect, and, for the same reason, that the birth of a legitimate child would avoid the same. In the discussion of that case, it was said, somewhat in the way of dictum:

"For the purpose of inheritance, an illegitimate child, when recognized by its father, stands on precisely the same footing as if it were legitimate. If the father dies intestate, both inherit, and such right can only be cut off by a will of the father, which is equally effectual as to both classes of children."

Though the foregoing be deemed dictum, it expressed what was in the mind of this court at that time, and it expresses its present mind likewise. We think the holding

of the trial court was clearly right, and its judgment is— *Affirmed.*

GAYNOR, C. J., LADD and SALINGER, JJ., concur.