IN RE ESTATE OF EDWARD FARRELL.

TIMOTHY BERGIN, Administrator, Appellant, v. ED. J. DELANEY et al., Appellees.

FEBRUARY 14, 1928.

*E. P. Murray*, for appellant.

*Kass, Zink & Kass* and *John T. Keenan*, for appellees.

MORLING, J.—Edward Farrell died intestate, unmarried, and without issue. His parents were both dead. Their only issue were a daughter and intestate. (Appellant's argument, but not the record, refers to another predeceased son.) The daughter predeceased intestate, and left no issue. She left, however, a surviving husband, the appellant. The appellant claims one half of the estate, for these reasons:

Though the mother of intestate left collateral relatives, no heirs of the father have been found. Appellant contends, in substance, that the father must be assumed to have outlived the intestate, and to have died in possession of one half of intestate's estate; that appellant's wife was the father's sole heir, and, she having left no issue, and no other heirs of the father having been found, appellant, as surviving spouse of the daughter, is entitled to the one half of intestate's estate which the father would have taken, if living. Appellant bases his contention on Sections 12025 and 12026, Code of 1924, as follows:

"Section 12025. If both parents are dead, the portion which would have fallen to their share by the above rules shall be disposed of in the same manner as if they had outlived the intestate and died in the possession and ownership of the portion thus falling to their share, and so on, through ascending ancestors and their issue."

"Section 12026. If heirs are not thus found, the portion uninherited shall go to the spouse of the intestate, or the heirs of such spouse if dead, according to like rules, and if such intes-

tate has had more than one spouse who either died or survived in lawful wedlock, it shall be equally divided between the one who is living and the heirs of those who are dead, or between the heirs of all, if all are dead, such heirs taking by right of representation."

Appellant's claim is that the law creates a fiction that the father outlived intestate, and died in possession of the half of the estate; that, as appellant's wife was living when the father died, she was his heir; that, no other heirs of the father having been found, appellant takes, as her surviving spouse.

The trouble with appellant's argument is that, though he properly seeks to find out who, at the time of intestate's death, were intestate's heirs, yet, in endeavoring to find them, he looks for the father's heirs at the time of the father's death. Intestate and appellant's wife were living at the time the father died, and were then the father's heirs, but the father was not then the heir of intestate, and was not in possession of or entitled to the estate now in question. When the daughter died, intestate was still living. The daughter never inherited intestate's property. To sustain appellant's claim, the law would have to create a fiction, not only that the father outlived the intestate, but that the father's daughter outlived both the father and intestate. The logic of appellant's argument would require the further fiction that intestate, having survived his father, also survived himself. The inconsistencies that would result from adopting appellant's contention need not be further pointed out. Under Section 12025, it must be assumed that, when intestate died, his father was living, and that the father then died the owner of one half the estate. If we assume that the father outlived the intestate, but immediately died the owner of one half of intestate's property, the inquiry is, who were then the father's heirs? Not appellant's wife, for she was dead. Not her descendants, for she left none. Not her former spouse, for he was not an heir. Appellant was not a spouse, for that relationship had been dissolved by her death. Section 12026 has reference to "the spouse of the intestate,"—not the former spouse of one who, had she not predeceased intestate, might have been, but never was, his heir. *Murphy v. Murphy*, 190 Iowa 874; *McAllister v. McAllister*, 183 Iowa 245; *Lawley v. Keyes*, 172 Iowa 575. Appellant is not interested in the estate in con-

334

troversy, and whether or not it was rightly distributed is a matter of no concern on his appeal.—*Affirmed*.

STEVENS, C. J., and DE GRAFF, ALBERT, and WAGNER, JJ., concur.