IN RE ESTATE OF G. M. BRADLEY (and one other case).

ADDISON MEANS, Appellant, v. SID BRADLEY, Administrator, et al., Appellees.

No. 40320.

JUNE 23, 1930.

REHEARING DENIED SEPTEMBER 23, 1930.

*J. M. Haddock,* for appellant.

*Frank Wisdom, O. J. Kirkeleg, James R. Locke,* and *H. P. Jaqua,* for appellees.

DE GRAFF, J.—G. M. Bradley died testate in Taylor County on January 28, 1926. By his will he devised all his property, real and personal, to his wife, Sarah. She was named in his will as the executrix. G. M. Bradley left no issue. The will was duly admitted to probate, and the widow, Sarah, was appointed executrix, and duly qualified as such. Shortly thereafter, to wit, May 17, 1926, Sarah died, intestate. She left no issue. Her deceased husband's brother, Sid Bradley, was duly appointed as administrator with the will annexed of G. M. Bradley's estate, and at the same time was appointed as administrator of the estate of Sarah Bradley, deceased. These two estates were pending at the time of the commencement of the proceeding in the instant case, but it is important to note what happened shortly after the appointment of the administrator with the will annexed in the G. M. Bradley estate.

There appears to have been some dissatisfaction expressed as to the will of G. M. Bradley by certain heirs of G. M. Bradley, and a contest seemed imminent. On March 22, 1927, certain heirs of G. M. Bradley and the administrator of the estate of Sarah Bradley entered into a written agreement, wherein reference is made to claims and controversies as to the validity of the will of G. M. Bradley, deceased, and to certain controversies relative to the division of his said estate and the estate of Sarah Bradley, deceased, and it was agreed that, in order to adjust and settle the rights of all the parties in a friendly way, and without litigation, all of the estate property owned either by G. M. Bradley, deceased, or Sarah Bradley, deceased, should be divided: to wit, one half of all of said estate shall be the property of the objectors, and one half shall be the property of the other parties, "it being understood and agreed that the estates of G. M. Bradley and Sarah Bradley should be equally divided between his heirs and the heirs of Sarah Bradley, deceased." Our court upholds the friendly settlement of differences over property arising among heirs of deceased persons. *Smith v. Smith,* 206 Iowa 606, l. c. 609, with cases cited.

On December 27, 1927, there was filed in each of said probate causes a motion by Emmet Bradley against divers parties who had, or claimed to have, an interest in said estates. Notices were served, and upon the hearing of said motion, the court found and determined the parties upon whom notice had been served and those who had appeared either by acceptance of service or by their attorneys; and thereupon the court made certain findings as to certain persons who are nonresidents of the state of Iowa and could not be personally served with original notice, but found that said defendants had been duly and legally and timely served by publication of the original notice for the current term of court in which the hearing was had, and that proper affidavits for said publications had been filed. The court further found that the movant had published legal notice to all persons that are or may be unknown heirs, claimants, minors, incompetents, and others under legal disability who could or might have some claims to an interest in the matter in controversy. The court further appointed James A. Lucas, a regular practicing attorney of the city of Bedford, Iowa, to represent the interest of all of the

above-described persons and to represent all heirs of the said G. M. Bradley, deceased, and Sarah Bradley, deceased, or those who are claimants to any portion of the estate of either, or creditors thereof, or who are now minors, and have no guardian in the county, or are nonresidents of the state of Iowa. Other findings were made, not material to this action. The order then reads:

"The court now hears the evidence, and thereafter hears the respective attorneys, and, being fully advised in the premises, it is hereby ordered, adjudged, and decreed that the heirs of G. M. Bradley, deceased, are entitled to an undivided one half of all the estate of which the said G. M. Bradley died seized, except that which is necessary to pay debts of said estate and costs of the administration thereof and of this proceeding, and also an undivided one half of the estate of Sarah Bradley, deceased, after paying all debts of that estate and expense of administration, including this proceeding; and said legal heirs of said G. M. Bradley, deceased, shall include and does include the following named persons, and none others: [Here follows a list of heirs.] It is further ordered, adjudged, and decreed that the legal heirs of Sarah Bradley, deceased, are owners and are entitled to an undivided one half of the estate of G. M. Bradley, deceased, after payment of all debts of said estate, expense of administration, and costs of this proceeding, and also an undivided one half of the estate of Sarah Bradley, deceased, after the payment of all just debts of said estate, costs of administration and of this proceeding. [Here follows a list of the legal heirs of Sarah Bradley.]"

The court also found that there are or may be other and unknown heirs of the said Sarah Bradley, deceased, and that, if such heirs exist, their relative shares and claims cannot at this time be determined, and that it is impossible to determine the relative pro-rata shares or separate individual interests of the known or unknown heirs of the said Sarah Bradley, deceased, at this time; and "Sid Bradley, administrator as aforesaid, is hereby appointed referee, to investigate, ascertain, and discover the relationship of the several heirs, relationship to her of the many heirs of the said Sarah Bradley, deceased, and report his finding to this court. For the purpose of receiving such report and making distribution to the said heirs of Sarah Bradley and

paying the costs of said investigation, this cause is continued, and for no other purpose.'' The court thereupon made finding as to the share to which the said Bradley heirs were entitled, and named them, with their interest or share, respectively. The court further found and determined in the order aforesaid as follows:

''In case it is discovered by research of the said referee, or otherwise, that any of the persons hereinbefore named as known heirs of said Bradley are not in fact heirs, then the court reserves the right to modify this decree as to such heirs and strike them from the decree. The court also reserves the right to hereafter modify this decree so as to add thereto the names of any heirs of Sarah Bradley now living who are omitted because they belong to the class of unknown heirs, and to make any further alteration or amendment necessary to a true adjustment between the heirs of the said Sarah Bradley.''

The aforesaid order for distribution and decree construing the will was filed in each of said estates on February 7, 1928. There has been no final accounting or distribution by the administrator in either of these estates, and there is no report showing any distribution of the funds of said estate. It is quite apparent, therefore, that the order entered must be viewed as interlocutory in character.

Up to this time, the claimant-appellant Addison Means was to all parties an unknown heir of Sarah Bradley's, deceased, if he is such an heir. He filed his motion and petition on December 17, 1928. The crux of the instant controversy involves the right of the claimant-appellant Addison Means to be classed as an heir of Sarah Bradley's, and therefore to be included among those who are entitled to the distribution of the property in question. If the claimed right of the appellant is answered in the affirmative, then, under the order of the probate court hereinbefore set out, he is entitled to have the estates reopened and his pro-rata share in the said estates determined. If the claimed right of the appellant is answered in the negative, then the cause of action as stated by him is at an end.

The right to take property by devise or by descent is a statutory privilege, and not a natural right. *In re Estate of Emerson*, 191 Iowa 900, l. c. 905; *Shick v. Howe*, 137 Iowa 249. Furthermore, whatever a claimant takes from the estate of an

intestate who died spouseless and without issue and with both parents of the intestate dead, he takes directly from the intestate. *Furenes v. Mickelson,* 86 Iowa 508; *Meier v. Lee,* 106 Iowa 303. Nothing intervenes between the death of the intestate and the transmission of the estate to his heirs. *Lash v. Lash,* 57 Iowa 88. We must necessarily resort to the statutory rule of descent to determine a case of the character at bar. True, a court sometimes, in applying the statutory rule of descent, speaks of fictions. *Lawley v. Keyes,* 172 Iowa 575. The court in that case, however, was not deciding whether the statute itself created a fiction, but simply used language that appeared appropriate in applying the statutory rule of descent. What statute of descent is applicable to the instant case? Here we find that the intestate Sarah Bradley died parentless, spouseless, and childless. We therefore turn to Section 12025, Code, 1924, which reads:

"If both parents are dead, the portion which would have fallen to their share by the above rules shall be disposed of in the same manner as if they had outlived the intestate and died in the possession and ownership of the portion thus falling to their share, and so on, through ascending ancestors and their issue."

Under the statutory law of this case, we naturally inquire who the father and mother of Sarah Bradley were, and whether or not they or either of them were living at the time Sarah Bradley died. The record answers these questions. Sarah Bradley's father was Willis A. Jones, Sr. He died intestate, December 25, 1860. Her mother was Margaret Jones, who predeceased her husband. The statute above quoted, figuratively speaking, resurrects momentarily both parents, and casts descent, as to Sarah Bradley's estate, upon them. The next inquiry is, Was there any issue of said parents at the time when they were momentarily brought into existence for the purpose of casting descent as to the estate of the intestate Sarah Bradley? The answer must be made in the negative.

The further genealogical history found in this record discloses that Sarah Bradley's father, Willis A. Jones, Sr., remarried in 1854. His second wife was Cyrena Meadows, and to them two children were born, to wit, Adelia Caroline and Willis A. Jones, Jr. Both children died in 1862, aged, respectively, 7 and

**7.**

Margaret E. Jones
mother of
Sarah Bradley
died before
March 12, 1854

**3.**

Willis A. Jones, Sr.
father of
Sarah Bradley
Died intestate
Dec. 25, 1860

**8.**

Cyrena Meadows
Jones
Second wife of
Willis A. Jones, Sr.
Married to him
March 12, 1854

**9.**

Addison Means, Sr.
Second husband of
Cyrena Meadows
Jones
Married Dec. 8, 1863

**2.**

Sarah Bradley
died Mch. 17, 1926
intestate and with-
out spouse
or issue

**1.**

G. M. Bradley
husband of
Sarah Bradley
died testate
Jan. 28, 1926
willing all his prop-
erty to
Sarah Bradley

**4.**

Adelia Caroline
Jones
born Mch. 22, 1855
died Aug. 6, 1862
and
Willis A. Jones, Jr.
born Dec. 30, 1860
died before Dec. 30,
1862

**5.**

Eura C. Means
son of Cyrena
Meadows Jones
and her 2d husband
Addison Means, Sr.
died intestate
May 18, 1922

**6.**

Addison Means
Claimant
and Appellant
son of
Eura C. Means
and Nellie Means

**10.**

Nellie Means
widow of
Eura C. Means
died intestate
Jan. 27, 1927

The heavy line indicates the line of descent.

2 years. On December 3, 1863, the widow Cyrena married one Addison Means, Sr., and to them one child was born, to wit, a son, Eura C. Means. He married Nellie Means, and to them was born the claimant-appellant, Addison Means, Jr. The father, Eura C. Means, died intestate, in 1922, and his surviving widow, Nellie, died intestate, January 27, 1927.

The accompanying diagram will be helpful in tracing the claimed line of descent of the appellant, Addison Means, Jr.

Under the provisions of Section 12016, Code, 1924, a widow is not an heir of her deceased husband's, nor is a surviving husband an heir of his deceased wife's. See *Schultz v. Schultz*, 183 Iowa 920; *Murphy v. Murphy*, 190 Iowa 874; *In re Estate of Farrell*, 205 Iowa 331.

Cyrena Meadows Jones, second wife of Willis A. Jones, Sr., father of Sarah Bradley, was not an heir to the estate of Sarah Bradley. If we assume, under the statute, that the father of Sarah Bradley outlived her, but immediately died, the owner of the one half of intestate Sarah Bradley's estate, we find that there were then no heirs of Willis A. Jones, Sr., and his wife Margaret Jones, to take the estate cast upon him, the said Willis A. Jones, Sr. We conclude, therefore, that the appellant, Addison Means, is not in the line of descent of Sarah Bradley, under the law applicable to the facts.

The appellees have filed in this court a motion, based on divers grounds, to dismiss this appeal. We have answered this appeal on the merits, and there is no occasion to lengthen this opinion by a discussion of appellees' motion to dismiss.

The judgment entered by the trial court is, therefore,—*Affirmed*.

All the justices concur.