In re Estate of Lucy E. Tripp.

State of Iowa, Appellant, v. Isabelle A. Kellihan, Administratrix, et al., Appellees.

No. 47294.

(Reported in 35 N. W. 2d 20)

December 14, 1948.

Robert L. Larson, Attorney General, and Kent Emery, Assistant Attorney General, for appellant.

Fisher & DeWaay and L. H. Severson, all of Rock Rapids, for appellees.

HALE, J.—Lucy E. Tripp, a resident of the state of Washington, and the owner of an undivided interest in certain real estate in Iowa, died intestate on May 1, 1944, leaving no surviving spouse or child. Isabelle A. Kellihan was administratrix of her estate and there was no property except an interest in real estate in Lyon county, which was sold and the proceeds are in the hands of administratrix. The father and mother of Lucy E. Tripp had predeceased her. Heirs of the mother were found but no heirs of the father.

The administratrix, in her final report, proposed to pay the entire net proceeds of the estate, amounting to $3184.66, to the collateral heirs of the decedent's mother. The State of Iowa objected to the proposed distribution, contending that one half of the estate would have passed to the heirs of decedent's father, and should escheat to the State. The court sustained the proposed distribution of the administratrix in her final report and ordered distribution of the funds in her hands to the collateral heirs of the mother. The State of Iowa, hereinafter designated as plaintiff, appeals. Other parties interested are designated defendants.

Our statutes of descent have uniformly been so framed as to avoid, if possible, an escheat to the State. Our statutes go as far as possible to enable inheritable blood to be traced, and therefore property does not escheat to the State except where there is no qualified person to take or hold such property. The incapacity of the heirs first entitled to succeed to property will not effect an escheat, but the property will pass to the persons next entitled to take as though the first heirs had not existed. 19 Am. Jur., Escheat, 386, 387, sections 14 and 15.

While there have been changes in the statutes of Iowa, such changes have not been of great importance so far as the consideration of the situation here is concerned. Caulfield v. Noonan, 229 Iowa 955, 956, 295 N. W. 466. The plaintiff devotes

a great deal of its argument to a careful tracing of the history and changes in our statutes since the Code of 1851, but for present purposes sections 636.39 to 636.41, Code of 1946, will properly determine the question before us. These sections correspond to sections 12024, 12025 and 12026, Code of 1939.

Section 636.40 provides that if both parents are dead the portion which would have fallen to their share by the above rules shall be disposed of in the same manner as if they had outlived the intestate and died in possession and ownership of the portion thus falling to their share, and so on, through ascending ancestors and their issue. Section 636.41, so far as necessary to be here considered, is as follows:

"If heirs are not thus found, the portion uninherited shall go to the spouse of the intestate, or the heirs of such spouse if dead, according to like rules * * *."

I. The intent of the lawmakers to avoid escheat is illustrated by the statutes in relation to the heirs of parents by adoption. Section 636.42, Code of 1946, provides:

"If the adopted parent or parents, if more than one, be dead, the portion which would have gone to such parent or parents [under the ordinary rules of inheritance by a parent] had they or either of them survived the intestate, shall be disposed of in the same manner as if such parent or parents had outlived the intestate and died in possession of such share, and so on through their ascending ancestors."

The following section (636.43) is also illustrative:

"If heirs are not thus found, the portion thus uninherited shall go to the natural parents of the intestate, and in case of their death then to their heirs under the ordinary rules of descent."

The intent of the legislature is manifest, that every possible attempt has been made to avoid escheat.

██ II. It will be seen by the statutes of descent that no matter how remote the ancestor may be there is no limitation of time or descent placed on the devolution of title as shown by section 636.40 so long as there exists inheritable blood and such

blood can be traced. But prior to escheat, under the provisions of section 636.41 the uninherited portion shall go to the spouse of the intestate.

III. Numerous cases are cited by the plaintiff including McAllister v. McAllister, 183 Iowa 245, 167 N. W. 78; In re Estate of Bradley, 210 Iowa 1013, 231 N. W. 661; In re Estate of Clark, 228 Iowa 75, 290 N. W. 13; Caulfield v. Noonan, supra. It is not necessary to review them, but the holding of these cases seems to show the fact that the precise question here involved has not been definitely passed upon in this state.

The plaintiff also cites, and apparently relies upon, the case of In re Doyle's Estate, 152 Kan. 23, 103 P. 2d 52. This case, as to the facts involved, raises practically the same question as does the case at bar. The Doyle case cites and follows Russell v. Hallett, 23 Kan. 276, decided in 1880, and in which the question was the distribution of the interests of several persons who perished in one disaster. The Hallett case refers to the rule in Iowa when it contained the words "or either of them." In effect the laws of Kansas as to inheritance, with some variations, may be assumed to be the same as those of Iowa. The district court in the present case, we think rightly, did not follow the rule in the Doyle case, holding it neither necessary nor desirable, and that the natural interpretation of the legislative intent under section 636.40 is that where one of the decedent's parents had no heirs the estate should pass to the heirs of the other parent. The district court did not feel called upon to follow the rule in the Doyle case for the further reason that the more equitable and just rule under our statutes was as announced in his opinion. We agree with this holding as being the legislative intent.

The defendants cite, among others, the case of McAllister v. McAllister, supra, in support of their argument that if heirs of one predeceased parent of an unmarried intestate leaving no issue cannot be found, the share falling to such parent shall go to the heirs of the deceased spouse of such parent. In the McAllister case the court says at page 255 of 183 Iowa, page 81 of 167 N. W.:

"Heirs of the mother, Laura McAllister, not having been found, the widow of the intestate, i. e. the predeceased devisee,

took, under this statute, the portion which would have gone to the mother, Laura McAllister, had she survived the devisee. The 'portion uninherited' is that which would otherwise have passed to the heirs of the deceased's mother, and, but for the above statute, must have lapsed. By 'spouse of the intestate' is meant spouse of the person whose heirs are sought to be ascertained, as entitled to the property in probate. This conclusion is not inconsistent with the ruling in Blackman v. Wadsworth, 65 Iowa 80; for all there held was that a widow is not one of the heirs * * *." Cited and approved in Caulfield v. Noonan, supra.

This ruling of the court was in reference to section 3382 of the Code of 1897, identical to section 636.41 of the Code of 1946. We see no reason why this rule cannot apply to the spouse of the decedent's father, because, under the rule, it is the heirs of the decedent's father who are being sought. In the present case the portion uninherited is that portion which would have gone to the heirs of decedent's father, as held by the trial court.

The trial court in its opinion states that the rule adopted under section 636.40, that one half of the estate goes to the heirs of the father and the other half goes to the heirs of the mother, has been described as a fiction, and in substance on occasion has been referred to as a strained and unnatural construction. Citing the notes in 20 Iowa L. Rev., page 626. We think the conclusion of the court in considering the Caulfield case is correct. The district court cites and quotes that case as follows:

" 'The design of the statute is to lay down a rule by which the heirs of the intestate shall be ascertained. How? By learning who would have taken the estate if the parents of the intestate had outlived him and died in the possession and ownership of the property; and the persons who would thus have taken are, by this statute, declared the heirs of an estate of a person who has died without spouse or issue, and such persons take directly and not through the parent.' " Page 967 of 229 Iowa, page 473 of 295 N. W.

Under section 636.40, Code of 1946, as interpreted for the purpose of casting descent, the parents are presumed to have

each momentarily survived and died intestate and in possession and ownership of the property, each one half "and so on, through ascending ancestors and their issue." In the succeeding section, 636.41: "If heirs are not thus found, the portion uninherited shall go to the spouse of the intestate, or the heirs of such spouse if dead, according to like rules * * *." This rule should apply to the father of the decedent and his inherited share; that is, that property which he held momentarily on the death of the intestate.

If one of decedent's parents (in this case, the father) had no heirs, then his share of the decedent's property would pass to the heirs of his spouse. That is, if one of such decedent's parents had no heirs the estate would pass to the heirs of the other. This seems reasonable, not a strained construction of the section, because inheritance passes upward through the ascending line of ancestors, and their heirs thus become the heirs of decedent. The purpose of the statute is to find the heirs of decedent and to prevent escheat.

To summarize: The fiction created by Code section 636.40 not only "assumes" that both "parents outlived the intestate" but also that they "died in the possession and ownership" of the property. Whether they be assumed to have died simultaneously or otherwise the intention is unmistakable that (in the absence of issue common to both, that is, brothers, sisters, nephews or nieces of the original decedent) one half goes to the heirs of each parent if such heirs can be found. In the instant case no heirs of decedent's father can be found. Code section 636.41 would seem to be applicable. A father's portion (being "uninherited") would, under that section, go to the heirs of his (the father's) spouse. That is, to the heirs of decedent's mother.

We hold that under the facts of this case such heirs of decedent's mother inherited all of decedent's estate. We hold that the ruling of the district court overruling the objections to the administratrix' report, as set out in its order, is correct and should be affirmed.—Affirmed.

All JUSTICES concur.