EMMA RAMSAY, individually and as administratrix of estate of JAMES J. RAMSAY, et al., appellees, v. ALL UNKNOWN CLAIMANTS AND ALL UNKNOWN PERSONS claiming any right, title or interest in and to certain described real estate et al., defendants; VERA DWYER et al., intervenors-appellants.

No. 47645.

(Reported in 42 N.W.2d 386)

MAY 2, 1950.

Phelan, Karr & Karr, of Webster City, for intervenors-appellants.

J. E. Burnstedt and J. W. Lee, both of Webster City, for appellees.

OLIVER, J.—The essential pleaded facts are not in dispute. James J. Ramsay died intestate in 1948, leaving surviving his widow, plaintiff Emma Ramsay, but no issue. His parents predeceased him. His first wife, Elizabeth Ramsay, had died in lawful wedlock. Her heirs are two sisters and a brother, plaintiffs Anna Smail, Margaret Schine and Homer C. Debo. Intestate, James J. Ramsay, was the illegitimate son of Sarah Jamieson Ramsay. Her heirs are intervenors Vera Dwyer and Robert Jamieson. Intestate's father is unknown, there are no heirs of such father and there was no mutual recognition between intestate, James J. Ramsay, and such father, as to paternity.

Rights of inheritance are governed by statute. Under provisions of section 636.32, Code of Iowa, 1946, then in effect, the surviving spouse of one who dies intestate without issue takes the first $7500 of his net estate plus one half of the excess above that amount. The other half of such excess passes to intestate's parents if living. Code section 636.40 provides that if both parents are dead the portion which would have fallen to their share shall be disposed of in the same manner as if they had outlived the intestate and died holding their share. Code section 636.41 states:

"If heirs are not thus found, the portion uninherited shall go to the spouse of the intestate, or the heirs of such spouse if dead * * * and if such intestate has had more than one spouse who either died or survived in lawful wedlock, it shall be equally divided between the one who is living and the heirs of those who are dead * * *."

Code sections 636.45 and 636.46 provide the mother of illegitimate children inherits from them, but the father may inherit from them only if there has been mutual recognition of paternity.

The property here involved is part of intestate's net estate in excess of $7500. The parties agree that under section 636.32 intestate's widow, Emma Ramsay, takes one half of this excess. They agree also that Vera Dwyer and Robert Jamieson, intervenors, take one fourth of this excess as heirs of intestate's natural mother, Sarah Jamieson Ramsay. Only the remaining one fourth of this excess is in controversy. That was the portion which the heirs of the intestate's father would have taken under sections 636.32 and 636.40 had there been such heirs and had his paternity been mutually recognized.

The trial court adjudged that under Code section 636.41 one half of this one fourth passed to plaintiff Emma Ramsay, intestate's surviving spouse, and one half to Anna Smail, Margaret Schine and Homer C. Debo, heirs of intestate's predeceased spouse, Elizabeth. Intervenors have appealed. We agree with the conclusion of the trial court.

■ The word "parents" in Code section 636.40 includes the natural parents of an illegitimate child. In re Estate of Clark, 228 Iowa 75, 115, 290 N.W. 13. Code section 636.41, above set out, provides "If heirs are not thus found, the portion uninherited shall go to" intestate's spouse and the heirs of deceased spouses. The language of this section was interpreted in McAllister v. McAllister, 183 Iowa 245, 255, 167 N.W. 78, 81, which states that heirs of intestate's mother not having been found, intestate's widow took, under this statute, the portion which would have gone to the mother, had she survived the intestate. Also: "The 'portion uninherited' is that which would otherwise have passed to the heirs of the deceased's mother * * *. By 'spouse of the intestate' is meant spouse of the person whose heirs are sought to be ascertained, as entitled to the property in probate. * * * [The section] contemplates a situation where, under the statutes preceding it * * * no heirs are in existence, and in these circumstances, declares that the uninherited portion shall go to the widow of the intestate or her heirs, under the rules previously enacted."

In re Estate of Clark, 228 Iowa 75, 99, 100, 290 N.W. 13, 25, refers to issues of fact in that case essential to the recovery of those claiming inheritance from the intestate as heirs of her predeceased husband, and states in part: "These issues

are: First. In words of the section * * * [now 636.41] were heirs of * * * [intestate], as designated in the Code sections just preceding, 'not thus found?' "

The decision points out that the statutes which provide to whom the property of an intestate descends under specified circumstances are immediately followed by this statute (636.41), which provides, "If heirs are not thus found," etc., and states, "Each group of appellants bases its right to recover upon the fact that heirs of the intestate were not thus found, and that Albert A. Clark was her spouse, and is dead, and they are his heirs."

The clause in section 636.41, "If heirs are not thus found," refers to heirs of the intestate. In the case at bar the male parent of the illegitimate intestate was unrecognized as such. He predeceased the intestate and had no surviving heirs. It is clear there was no one in this line eligible to take the share of intestate's property here in controversy. In other words, heirs of the intestate were "not thus found." It was "the portion uninherited" within the meaning of section 636.41, and the provisions of that section became applicable because there were no heirs eligible to take such portion under the preceding sections. If heirs of the intestate "are not thus found" the search for heirs to the "portion uninherited" starts anew with the lines of intestate's wives. The incapacity of the unrecognized natural father to inherit from intestate does not destroy the right of inheritance of these independent lines. The spouse and heirs of the deceased spouse of the intestate take direct from the intestate and not as heirs of intestate's father or any third person. Caulfield v. Noonan, 229 Iowa 955, 967, 295 N.W. 466.

Intervenors rely upon the holding of In re Estate of Tripp, 239 Iowa 1370, 35 N.W.2d 20, that where one of intestate's deceased parents had no heirs, the estate should pass to the heirs of the other parent. However, in the case at bar the intestate left a spouse and heirs of a deceased spouse who came within the plain letter of section 636.41. The intestate in the cited case had not been married and left no spouse or heirs of a deceased spouse qualified to take the portion uninherited. Hence the cited case held that to prevent escheat the portion uninherited would pass to the heirs of intestate's mother.

In the instant case none of the classes of possible heirs listed in the sections of chapter 636 which precede section 636.41 is entitled to this uninherited portion. However, with the preceding classes eliminated the search for heirs to this portion can go no further than the spouse and heirs of the deceased spouse of the intestate because, under the explicit language of section 636.41, these persons take all of this portion. Hence the avoiding of escheat, under section 636.50, which was an element in the decision of In re Estate of Tripp, supra, 239 Iowa 1370, 35 N.W.2d 20, is not here a factor.

Nor need we determine whether, had intestate never married, the heirs of his natural mother would have taken this uninherited portion of his estate. It is sufficient that the right of the lines of intestate's spouses to take it is superior to any such claim.—Affirmed.

BLISS, C. J., and HALE, SMITH, GARFIELD, MANTZ, MULRONEY, and WENNERSTRUM, JJ., concur.

HAYS, J., dissents.

HAYS, J. (dissenting)—I respectfully dissent from the majority opinion.

This case involves the question of inheritance from an illegitimate child who died intestate survived by a spouse but no issue. His first wife died in lawful wedlock and plaintiffs Anna Smail, Margaret Schine and Homer C. Debo are her sisters and brother. Intervenors Vera Dwyer and Robert Jamieson are sister and brother of intestate's mother, Sarah Jamieson Ramsay, who predeceased the intestate. Intestate's father is unknown, and the majority opinion assumes that he died prior to intestate and that he left no heirs. Whether this assumption be correct or not is immaterial as it is conceded that there was no mutual recognition by the father of the illegitimate intestate. The surviving spouse, plaintiff Emma Ramsay, is conceded to be entitled to receive all of the estate up to seventy-five hundred dollars and one half of the excess. It is also conceded that the intervenors, as heirs of Sarah Jamieson Ramsay, are entitled to receive one half of the balance, or one fourth of the excess. The intervenors claim the right to the remaining one fourth of

the excess, while the plaintiffs Smail, Schine and Debo claim the right to this one fourth, under section 636.41, Code, 1946. The trial court and the majority opinion establish this right in the plaintiffs. I cannot agree.

Inheritance is not a natural right but is purely statutory. In re Estate of Emerson, 191 Iowa 900, 901, 183 N.W. 327; In re Estate of Fitzgerald, 223 Iowa 141, 272 N.W. 117. An estate of inheritance is an estate which may descend to an heir. Harris v. Harris, 130 W. Va. 100, 43 S.E.2d 225. In Mitchell v. Vest, 157 Iowa 336, 136 N.W. 1054, we held that an heir is one who has inheritable blood. In the absence of inheritable blood there cannot be an inheritable estate.

Sections 636.45 and 636.46, Code, 1946, deal with inheritance from and by an illegitimate child. Prior to their enactment, the only inheritable blood stream of the illegitimate child was that of the heirs of his body. As stated in In re Estate of Clark, 228 Iowa 75, 114, 290 N.W. 13, 31: "The purpose of the legislature in enacting sections 12030 and 12031 [sections 636.45 and 636.46, Code of 1946] was to make the blood stream of the illegitimate inheritable."

Section 636.45 provides: "Illegitimate children inherit from their mother, and she from them." Section 636.46 states: "They [illegitimate children] shall inherit from the father when the paternity is proven during his life, or they have been recognized by him as his children; but such recognition must have been general and notorious, or else in writing. *Under such circumstances, if the recognition has been mutual, the father may inherit from his illegitimate children.*" (Italics added.)

It will be noted that the blood stream of mother and illegitimate child is inheritable without qualifications; that the blood stream of the father and illegitimate child is inheritable *if there has been recognition*. Thus an inheritable estate is created in the mother and such an estate is created in the father under certain conditions.

In examining these statutes, we said in Milburn v. Milburn, 60 Iowa 411, 413, 14 N.W. 204: "For the purpose of inheritance, an illegitimate child, *when recognized by its father*, stands on precisely the same footing as if it were legitimate. * * * Such recognition legitimatizes the child." (Italics added.) In Hast-

ings v. Rathbone, 194 Iowa 177, 184, 188 N.W. 960, 963, 23 A. L. R. 392, we said: "It is, then, the rule in this state that an illegitimate child whose paternity has been recognized or established as required by our Code becomes entitled to all of the rights of a legitimate child, so far as the general laws of descent and inheritance are concerned." While these cases recognize the right of the illegitimate child to inherit from the father, it does not follow that this right is mutual and that the father thereby is entitled to inherit from the child. In the absence of mutual recognition there is no inheritable blood in the father and hence there is none in his heirs. Meier v. Lee, 106 Iowa 303, 76 N.W. 712.

The majority opinion cites and relies upon the cases of In re Estate of Clark, 228 Iowa 75, 290 N.W. 13, and McAllister v. McAllister, 183 Iowa 245, 167 N.W. 78. The Clark case holds that the word parents in sections 636.40 and 636.41 includes the natural parents of an illegitimate child. Webster's New International Dictionary, Second Edition, defines parent as, "One who begets, or brings forth, offspring; a father or mother." Under this definition there is no question but that the word parent does include the natural parents of an illegitimate child, and, under the facts in the cited case where there was held to be mutual recognition between father and child, it is clear that the term "parents" in said sections was applicable. This is true because of the recognition rather than as a general rule. The majority opinion with reference to section 636.41 quotes from the McAllister case, supra, that section 636.41 "contemplates a situation where, under the statutes preceding it * * * no heirs are in existence, and in these circumstances, declares that the uninherited portion shall go to the widow of the intestate or her heirs, under the rules previously enacted." In that case it was a question of inheritance through the mother of intestate, a legitimate child, and the mother being dead without heirs, the sections were held to apply. The case is not in point, in my judgment, although under section 636.45, Code, 1946, the same result would follow if intestate had been illegitimate.

The majority opinion also states that "the clause in section 636.41, 'If heirs are not thus found,' refers to heirs of the intestate"; that the father did not recognize intestate; that "he prede-

ceased the intestate and had no surviving heirs"; that "it is clear there was no one in this line [father] eligible to take the share of intestate's property"; that "heirs of the intestate were 'not thus found.' It was 'the portion uninherited' within the meaning of section 636.41, and the provisions of that section became applicable." This reasoning is sound where, under section 636.46, there has been recognition, as there is then inheritable blood through the father and hence an inheritable estate under sections 636.32 and 636.40. But, in my judgment, this reasoning is not sound where, as in the instant case, there is no recognition and hence no inheritable estate through the father. There being no inheritable blood through the father his heirs have no interest.

In my judgment, the general rules of descent, sections 636.31 to 636.41, inclusive, do not apply where there is an intestate illegitimate child survived by a spouse, but no issue, in so far as the half of the excess over seventy-five hundred (now fifteen thousand) dollars is concerned, where there has not been mutual recognition. To determine the descent of this portion of the estate it is necessary to turn to the statute which creates the inheritable blood, and in this case only section 636.45 is applicable. This section grants to the mother the right to inherit from her illegitimate child without limitation as to the amount, nor is there any other statute creating other "inheritable blood lines." The estate must be considered in its entirety (one half of the excess) rather than in two divisions, or blood streams, as is the case of legitimate children or where there has been mutual recognition between the father and the child. In re Estate of Felle, 237 Iowa 1082, 23 N.W.2d 910.

I would reverse the trial court.